**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GOLZAR AMIRMOTAZEDI** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 10-0765 (GK)** |
| **VIACOM INC.,** *et al.* | |
| **Defendants.** | |

**ANSWER**

Viacom Inc., MTV Networks and Bunim-Murray Productions (together, "Defendants"), by and through their undersigned attorneys, hereby answer the Complaint of Plaintiff Golzar Amirmotazedi ("Plaintiff") as follows, using the same headings and paragraph numbering employed by Plaintiff:

**JURISDICTION AND VENUE**

1.       Defendants aver that paragraph 1 of the Complaint states a legal conclusion as to the propriety of venue and jurisdiction in the Superior Court for the District of Columbia to which no response is required.  To the extent that a response is deemed to be required, Defendants deny that venue and/or jurisdiction in any state or federal court is proper because the parties have entered into an agreement requiring the arbitration of all of the claims that are the subject matter of this action.  A true and correct copy of the parties' agreement, titled "VOLUNTARY PARTICIPATION AGREEMENT (GUEST RELEASE) AND ARBITRATION PROVISION" (hereinafter, the "Release and Arbitration Agreement"), is attached hereto as Exhibit A.

## PARTIES

2.      Defendants admit that Plaintiff is a 22-year-old woman.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 2 of the Complaint and, on this basis, deny them.

3.      Defendants admit the allegations set forth in the first sentence of paragraph 3 of the Complaint.  Defendants aver that the second sentence of paragraph 3 states a legal conclusion relating to the existence of personal jurisdiction over defendant Viacom Inc. to which no response is required.

4.      Defendants admit the allegations set forth in the first sentence of paragraph 4 of the Complaint, although they aver that *The Real World* has been filmed in the same city on more than one occasion.  Defendants further aver that defendant MTV Networks is an unincorporated division of Viacom International Inc., which is a wholly owned subsidiary of defendant Viacom Inc.  Defendants aver that the second sentence of paragraph 4 states a legal conclusion relating to the existence of personal jurisdiction over defendant MTV Networks to which no response is required.

5.      To the extent the allegation in the first sentence of paragraph 5 of the Complaint that "Bunim/Murray Productions . . . works with MTV Networks . . . to film and produce *The Real World*" sets forth an allegation that *The Real World* is filmed and produced by defendant Bunim-Murray Productions and is then telecast by defendant MTV Networks, Defendants admit this allegation.  Defendants deny the remaining allegations and characterizations set forth in the first sentence of paragraph 5.  Defendants aver that the second sentence of paragraph 5 states a legal conclusion as to the existence of personal jurisdiction over defendant Bunim-Murray Productions to which no response is required.

## FACTS

6.      Defendants Viacom Inc. and MTV Networks deny that these defendants filmed *The Real World* television program in the District of Columbia.  Defendants admit the remainder of the allegations set forth in paragraph 6 of the Complaint.

7.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint and, on this basis, deny them.

8.      Defendants admit that Plaintiff and her companion voluntarily entered the Restaurant at which cast members were also present.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 8 of the Complaint and, on this basis, deny them.

9.      Defendants deny the allegations and characterizations contained in paragraph 9 of the Complaint, including, without limitation, the allegation that Plaintiff was "heavily intoxicated."

10.      Defendants deny that Plaintiff and her companion "were taken" to the home in which *The Real World* was being filmed.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 10 of the Complaint and, on this basis, deny them.

11.      Defendants deny the allegations and characterizations contained in paragraph 11 of the Complaint, including, without limitation, the allegation that Plaintiff was "significantly intoxicated."

12.      Defendants admit that, on or about March 10, 2010, MTV Networks telecast on its cable television network in the United States Episode 11 of *The Real World*, which episode

was titled "Girlfriends and Dead Ends."  Defendants further admit that, on or about March 10, 2010, MTV Networks telecast on its cable television network in the United States an "Aftershow" program related to events depicted in Episode 11 of *The Real World*.  To the extent the allegation in paragraph 12 of the Complaint that these two programs "have since reaired" sets forth an allegation that the two programs have each been telecast by MTV Networks in the United States on more than one occasion, Defendants admit this allegation.  Defendants deny the remaining allegations and characterizations set forth in paragraph 12 of the Complaint.

13.     Defendants deny the allegations and characterizations contained in paragraph 13 of the Complaint.

14.     Defendants aver that the television programs referred to in paragraph 14 of the Complaint and in the accompanying footnote to paragraph 14 are documents which speak for themselves, and Defendants therefore deny the allegations and characterizations about them set forth in paragraph 14.  Defendants further aver that the television programs accurately depict Plaintiff's statements and conduct.

15.     Defendants aver that the television programs referred to in paragraph 15 of the Complaint are documents which speak for themselves, and Defendants therefore deny the allegations and characterizations about them set forth in paragraph 15.  Defendants further aver that the television programs accurately depict Plaintiff's statements and conduct.  Defendants also deny that Plaintiff had either a reasonable and/or an actual expectation of privacy with respect to statements she made with cameras present to individuals she alleges were previously unknown to her.  In addition, Defendants aver that the Release and Arbitration Agreement that Plaintiff signed states:  "I understand that I have no expectation of privacy anywhere in [*The Real World*] house."  Exhibit A, ¶ 5.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint.  In addition, Defendants aver that the Release and Arbitration Agreement that Plaintiff signed states: "I further understand that my appearance . . . or portrayal in or in connection with the Program, and my actions . . . may be embarrassing or of an otherwise unfavorable nature . . .."  Exhibit A, ¶ 4.

17.     Defendants deny the allegations and characterizations set forth in paragraph 17 of the Complaint.

18.     Defendants aver that the television programs referred to in paragraph 18 of the Complaint are documents which speak for themselves, and Defendants therefore deny the allegations and characterizations about them set forth in paragraph 18 of the Complaint. Defendants further deny that Plaintiff "was in fact drunk" and/or "appeared to be intoxicated."

19.     Defendants deny the allegations set forth in the first sentence of paragraph 19 of the Complaint.  The remainder of the allegations and characterizations set forth in paragraph 19 relate to statements allegedly made by individuals and entities other than these Defendants. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 19 and, on this basis, deny them. Defendants further deny that they are legally or otherwise responsible for the statements and/or conduct complained of in paragraph 19.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff's counsel contacted them in writing on or about March 30, 2010.  Defendants aver that the correspondence referred to in paragraph 21 of the Complaint is a document which speaks for itself, and Defendants therefore deny the remaining allegations and characterizations about the correspondence set forth in paragraph 21.  Defendants

further aver that paragraph 21 contains legal conclusions regarding the purported merit of Plaintiff's claims and her alleged injuries to which no response is required.  To the extent that a response is deemed to be required, Defendants deny these legal conclusions.

22.     Defendants admit that MTV Networks responded in writing to Plaintiff's counsel on or about March 31, 2010.  Defendants aver that the correspondence referred to in paragraph 22 of the Complaint is a document which speaks for itself, and Defendants therefore deny the remaining allegations and characterizations about the correspondence set forth in paragraph 22. Defendants further aver that paragraph 22 contains legal conclusions regarding purported merit of Plaintiff's claims to which no response is required.  To the extent that a response is deemed to be required, Defendants deny these legal conclusions.

### COUNT I
### Against All Defendants
### (Invasion of Privacy – False Light)

23.     Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

24.     Defendants deny the allegations and characterizations set forth in paragraph 24 of the Complaint.

25.     Defendants deny the allegations and characterizations set forth in paragraph 25 of the Complaint.

26.     Defendants deny the allegations and characterizations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations and characterizations set forth in paragraph 27 of the Complaint.

28.     Defendants deny the allegations and characterizations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations and characterizations set forth in paragraph 29 of the Complaint.

## COUNT II
### Against All Defendants
### (Invasion of Privacy – Disclosure of Private Facts)

30.     Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

31.     Defendants deny the allegations and characterizations set forth in paragraph 31 of the Complaint.

32.     Defendants deny the allegations and characterizations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations and characterizations set forth in paragraph 33 of the Complaint.

34.     Defendants deny the allegations and characterizations set forth in paragraph 34 of the Complaint.

## COUNT III
### Against All Defendants
### (Intentional Infliction of Emotional Distress)

35.     Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

36.     Defendants deny the allegations and characterizations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations and characterizations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations and characterizations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations and characterizations set forth in paragraph 39 of the Complaint.

**COUNT IV**
**Against All Defendants**
**(Negligent Infliction of Emotional Distress)**

40.     Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

41.     Defendants deny the allegations and characterizations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations and characterizations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations and characterizations set forth in paragraph 43 of the Complaint.

44.     Defendants deny the allegations and characterizations set forth in paragraph 44 of the Complaint.

**PRAYER FOR RELIEF**

45.     Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

The unnumbered paragraph immediately following paragraph 45 of the Complaint, which includes subsections (1)-(4), is a demand for judgment and prayer for damages, to which no

response is required.  To the extent that a response is deemed to be required, Defendants deny that Plaintiff has suffered and/or is legally entitled to any damages or any other form of relief.

With respect to the entire Complaint, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

By alleging the separate and additional defenses set forth below, Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

### First Defense

The Complaint fails to state a claim upon which relief can be granted because the parties' Release and Arbitration Agreement mandates the arbitration of all of the claims asserted by Plaintiff in this action.

### Second Defense

This or any other court lacks jurisdiction over the subject matter of this action because the parties' Release and Arbitration Agreement mandates the arbitration of all of the claims asserted by Plaintiff in this Action.

### Third Defense

Venue is improper in this or any other court because the parties' Release and Arbitration Agreement mandates the arbitration of all of the claims asserted by Plaintiff in this action.

### Fourth Defense

This action is precluded by operation of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

## Fifth Defense

This action is precluded by operation of any potentially applicable state-law equivalent to the Federal Arbitration Act, including, without limitation, the District of Columbia Revised Uniform Arbitration Act, D.C. Stat. § 16-4401 *et seq*. and/or the California Arbitration Act, Calif. Code Civ. Proc. § 1280 *et seq*.

## Sixth Defense

Plaintiff has fully and completely released Defendants from all of the claims that are the subject matter of this action by operation of the parties' Release and Arbitration Agreement.

## Seventh Defense

Regardless of the effect or operation of the parties' Release and Arbitration Agreement, the Complaint otherwise fails to state a claim upon which relief can be granted.

## Eighth Defense

Plaintiff did not have a reasonable expectation of privacy with regard to her statements and actions in the television programs upon which she bases her claims.

## Ninth Defense

Plaintiff did not exhibit an actual, subjective expectation of privacy with regard to her statements and actions in the television programs upon which she bases her claims.

## Tenth Defense

Plaintiff's claims are barred because the television programs upon which she bases her Complaint are a truthful depiction of Plaintiff's public conduct and statements.

## Eleventh Defense

Some or all of the allegedly actionable statements of Defendants identified in the Complaint are not susceptible of being proven false and therefore are not actionable.

## Twelfth Defense

The television programs at issue are not reasonably capable, in whole or in part, of the meaning attributed to them by Plaintiff.

## Thirteenth Defense

The television programs at issue and the other allegedly wrongful conduct of Defendants identified in the Complaint were not extreme and outrageous.

## Fourteenth Defense

The television programs at issue and the other allegedly wrongful conduct of Defendants identified in the Complaint were not highly offensive.

## Fifteenth Defense

Plaintiff consented to and/or ratified the acts of Defendants about which she now complains.

## Sixteenth Defense

Plaintiff assumed the risk of the acts of Defendants about which she now complains.

## Seventeenth Defense

Plaintiff is barred from obtaining any relief based on the doctrines of waiver, estoppel, laches and/or contributory negligence.

## Eighteenth Defense

Defendants acted without the requisite scienter, state of mind, and/or intent in all of their acts placed in issue by the Complaint.

## Nineteenth Defense

Defendants acted in good faith, without fault, and without actual or constitutional malice in all of their acts placed in issue by the Complaint.

**Twentieth Defense**

The acts of Defendants placed in issue by the Complaint are privileged under the First Amendment to the United States Constitution, and/or other applicable state and federal law.

**Twenty-First Defense**

Plaintiff's claims are barred, in whole or in part, by operation of Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

**Twenty-Second Defense**

Defendants may not be held liable in this action pursuant to the California Anti-SLAPP Statute, Calif. Code Civ. Proc. § 425.16 *et seq*.

**Twenty-Third Defense**

Plaintiff has failed to allege damages with the requisite particularity.

**Twenty-Fourth Defense**

Plaintiff's alleged damages, if any, are the result of her own conduct and/or the conduct of third persons over whom Defendants had no control.

**Twenty-Fifth Defense**

Plaintiff has failed to mitigate her damages, if any, as required by law.

**Twenty-Sixth Defense**

Any award for non-economic damages may not exceed the limitations imposed by applicable state and/or federal law.

**Twenty-Seventh Defense**

By reason of the First Amendment to the United States Constitution, and/or other applicable state and federal law, Defendant may not be held liable for punitive damages under the circumstances alleged in the Complaint.

### **Twenty-Eighth Defense**

Defendants reserve the right to raise any and all other defenses as they may become known during the course of discovery and hereby specifically reserve the right to amend their Answer to allege said defenses at such time as they become known.

**WHEREFORE**, Defendants request that the Court enter judgment in their favor and against Plaintiff, award them taxable costs, their attorneys' fees and afford them such other and further relief as the Court may deem just.

Dated: June 18, 2010                    Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:  ___/s/ Thomas Curley_____

Michael D. Sullivan, (Bar No. 339101)
Thomas Curley (Bar No. 473798)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
Telephone:  (202) 508-1100
Facsimile:  (202) 861-9888
Email:  tcurley@lskslaw.com

*Counsel for Defendants Viacom Inc.,*
*MTV Networks and Bunim-Murray Productions*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 18th day of June 2010, a copy of the foregoing Defendants'

Answer and Additional Defenses was served via ECF upon counsel of record.


/s/ Thomas Curley

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
Telephone:  202-508-1100
Facsimile:  202-861-9888
Email:  tcurley@lskslaw.com